PGS 1-6
+
EXHIBITS - 1-30

Robert McGuffey ID NO. 1040469

~~SOUTHERN DESERT CORRECTIONAL CTN.~~          LoveLock, CORRectional, Center
~~20825 COLD CREEK RD.~~                       1200 PRISON RD
~~P.O. BOX 208~~                               LoveLock, NV, 89419
~~INDIAN SPRINGS, NV 8901~~8

## United States District Court
## District of NEVADA
_____

Robert, ADAM, McGuffey

v.  TRAVIS Bennette ET AL.
STATe OF NEVADA AND
DepARTment of CORRections

CASE NO. 3:16-CV-00356

DEPT. NO.: _____

DOCKET: _____

Motion FoR A Immediate ORDeR to stop the Attack ON My
CRiminal POST ConviCtion AttoRNeY MARY Lou Wilson Eso, THis
Attack is PRooF of Retalliation AND Continued torture of me.
AND Allow All InFoRmation in this motion As Evidence, And Supporting Documents

COMES NOW, Robert, ADAM McGuffey             , herein above respectfully
moves this Honorable Court for an Immediate INJunctive ORDer stoping
THe Continued Retalliation, And TortuRe of Robert McGuffey
By Issueing A ORDeR stoping the Attack ON MARY Lou Wilson Eso

This Motion is made and based upon the accompanying Memorandum of Points and
Authorities, AND A Writ of MANdAmus, And PRoHiBition, Filed By MARY Lou Wilson
AND Relief sought By Robert McGuffey Please see Exhibit 1 and 2 1-30 PGS
DATED: this 7th day of September , 2016

BY: Robert G. McGuffey

Robert, ADAM McGuffey= 1040469
Defendant In Proper Personam

☑ FILED           ___ RECEIVED
___ ENTERED       ___ SERVED ON
          COUNSEL/PARTIES OF RECORD

NO COPY
SEP 15 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Memorandum of points And Authorities
And Writ of Mandamus And Prohibition. IN support
of said motion. PRAYER FOR RELIEF

1  My Attorney MARY Lou Wilson ESQ is UNDER Attack
2  By THE State of NEVADA and its officers AND
3  Employees this is not only A Attack ON Her, But
4  A Attack ON THE Constitutional Rights OF Every
5  American. MARY Lou Wilson is A Private Lawyer IN
6  good standing with the NEVADA State BAR And Has
7  Been PRACTiceing LAW Since 1987, "Please see Attached
8  Affidavit of MARY Lou Wilson" Her PRACTice ONLY Accepts
9  Indigent Post Conviction Clients. MARY Lou Wilson's
10  Success Rate of FAVORABLE outcomes And ruleings
11  ON BeHALF Of Her Clients, And Her Refusel to
12  Cater, Accomodate And dispose Of Cases Assighned
13  to Her By the State of NEVADA, IN A FAVORABLE manner
14  to the state of NEVADA, And its officers, and Employees.
15  Because of Her Refusal to throw Her Clients
16  under the Bus, she HAS Infurriorated the Afore
17  Mentioned PARTies, "Please See Petition For WRit of
18  MANDAMus, OR ALTERNATively A WRit of PROHiBition,"
19  My Case Specifically CR12-0465. And It's IRREFutable
20  Evidence that supports INEFFECTive ASSistance of
21  Counsel. And A Plea that was PROCURED By torture
22  By Excessive Amounts of Solitary Confinement of
23  A Mentally Ill MAN who Suffers From P.T.S.D. And
24  Who's only Crime IS uNControllable VerBle Out Bursts
25  due to Being Sick, Who was denied A Constitutional
26  BAil Amount, "100,000 cash only." And As A Pre-trial
27  detainee was Refused A PRRAignment, and PRELiminary

Page 2

HEARING FOR 8mos. I've Been WiTH MARY Lou WiLSON
FOR almost 2yRs. she WAS appointed JAN. 22, 2015.
WiTHout HeR RePResentation, HeR ASSistants, AND HeR
Investigators, AND tHe ExPeRf Witness. And **My 6tH**
**Amendment RigHt** to ENJoy A MeaningFul RelationsHiP
WiTH Counsel WHicH HAve taken yeARs to develoPe
PRoven By tHe date of Initial APPointment is IN
JeoPRdy!, And is CleaR Evidence of Retalliation
AND ConsPiRacy to Intentionally; HamPeR, stoP, deteR,
A FAVoRaBle Ruleing oR Outcome WHicH Would Immediately
Relieve me OF tHe Continued tHReats Intimidation
And **toRtuRe,** of Continued false ImPRisonment and
SolitaRy Confinement. Its my Belief tHat Because
OF my Suit Against N.O.O.C., and tHe state of NEVADA,
And MARYLou's Success ON BeHaLf OF HeR Clients.
THe WasHoe County District AttoRneys office, And
tHe ALteRNAte PuBlic Defenders office And N.O.O.C.
its officeRs and Employees ARe TRYing to stoP and
PRevent Any FAVoRaBle Outcome oR Ruleing IN my
FAVoR By Violating my 6tN Amendement Constitutional
RigHts, By demanding tHat MARY Lou Wilson stoP
WoRKing immediately ON my case. Im ReQuesting
Immediate FedeRaI HelP. MARY Lou's Removale FRom
my case would INFact CHange tHe Out Come of my
Sept 22nd 2016 EvidentaRy HeaRing And would Cause
**IRRePaRABle HARM** to me, And Cause my **Continued**
**toRtuRe** By tHe NEVADA Department of CoRRections.

## ADDITIONAL FACTS OF THE CASE:

### INJunctive Relief

Relief Sought: A Stop ON, or OF THE Attack on MARYlou Wilson

A Order For The Continued Representation of MARYlou Wilson ESc., TO Be Removed From the Custody of the State of NEVADA, And Placed IN Federal Custody IN Order to Alleviate the Continued Retaliation, Threats, Intimidation of a Mentally Ill PRisoner, And the Continued Violation of Civil And Constitutional Rights, And to Be Free From Cruel And UNusual Punishment. I Robert, ADAM, MCGuffey A Former Federal officer with the U.S. Department of Homeland Security PRAy that this Honorable Court Grant my InJunctive Relief And Put a Stop to the Continued CRimes, And InJustices By the State of NEVADA it's officers And Employees.

DAted this 28th day of September, 2016

Robert McGuffey

1040469

Robert, ADAM, MCGuffey

Acting iN PRO-SE.

Page 4

PUNITIVE Damages Sought
IN CASE 3:16-CV-00356 TO Coincide
with Injunctive Relief

$ 1000.00 dollars A day for Everyday of Mental torture And Anguish. By Continued threats Intimidation. By Excessive Amounts of Solitary Confinement, Retaliatory Notice of Charges, And the Blatant Refusal of Acknowledgement of my Severe Mental Health Conditions, And Continued Forced Interactions with the Very People I'm IN Fear of, AND who Continue to Abuse Inmates. Also for False Imprisonment. The Mental torture of Solitary Confinement Has Been Proven By Renown Physciatrist, And Physcologist to Have devastating Mental Health Affects, And Has INFACT Been deemed As torture. "Please See Senator Griffins Hearing Report" Sub Committee 3 ON the Judiciary Crime and Corrections And Effect of Segregated Confinement of Prisoners. Also Senator John McCains testimony to Congress About the torture of Solitary Confinement As A Prisoner. A 1000.00 dollars a day for Every day I've Endured since Feb 10th, 2016 until The Present, And Into the future as long as the Torture Persists.

Dated this 8th day of September, 2016

10404 6-9

Robert, ADAM, McGuffey
Acting IN Pro-SE.

Page 5

AFFIDAVIT OF: Robert, ADAM, McGuffEy

STATE OF NEVADA  )
                 )   ss:
COUNTY OF ~~CLARK~~  )
         WASHOE

TO WHOM IT MAY CONCERN:

I, Robert, ADAM McGuffEy the undersigned, do hereby swear that all statements, facts and events within my foregoing Affidavit are true and correct of my own knowledge, information and belief, and as to those, I believe them to be True and Correct. Signed under the penalty of perjury, pursuant to, NRS. 29.010; 53.045; 208.165, and state the following:

MARY Lou WILSON Is my ATtorNEY of REcord ON CASE CR-120445 THE EvidENTARY HEARING is ON SEptEMBER 22nd, 2016 SHE is uNdER AttACK BY tHE StAtE of NEVADA's, OffiCERS AND EMployEEs, AND N.D.O.C, AND SO AM I.

I coNtiNuEd to BE INtimidAtEd, tHREAtENEd AND toRtuRED BY ExcEssivE SoLitARY CoNfiNEMENt, And contINued N.O.C.s

I HAVE P.T.S.D AND Im BiPolAR, AND HAVE AttAchMENT disoRdER

I AM INdigENt, AND I AM Not SchoolED IN LAW

Im IN SoLitARY coNfiNEMENt ANd IN FEAR FoR my LifE AND coNtiNuEd REtAliAtioN AND CoNsPiRACY By tHE StAtE of NEVADA N.D.O.C. its offiCERS ANd EMployEEs.

IF THE StAtE of NEVADA AND N.D.O.C. It's OffiCERS ANd EmployEEs ARE SuccEssful IN THERE AttACK ON MARYLou WilsoN, THE REsuct will HAVE DiAR ConSEQuENcEs oN my PostcoNVictioN APPEAL.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

EXECUTED At: ~~Indian Springs, Nevada~~ LOVELOCK, NEVADA, this 8TH Day of SEptEMBER, 20_16_.

BY: Robert A McGuffEy #1040469
Robert McGuffEY   #1040469
~~Post Office Box 208(SDCC)~~
~~Indian Springs, Nevada, 89070.~~
Affiant, In Propria Personam:
1200 PRISoN Rd
LoveLock, NV 89419

6

Exhibits List

EXHIBIT 1.) Petition For Writ of Mandamus
     PG -1-28 OR Alternatively, A Writ of Prohibition

EXHIBIT 2.) Affidavit of Mary Lou Wilson
     Affirming Retaliation By the State of Nevada
PG 1 of 1   AND Effectively Putting Her Out of Business
     AND Causing Substantial Harm to Her Clients

Exhibit List

# EXHIBIT 1

Petition FOR WRit of MAndamus, OR
Alternatively, A WRit of PRohiBition

PGS 1-28

# EXHIBIT 1

1

IN THE SUPREME COURT OF THE STATE OF NEVADA

2

3  THE LAW OFFICE OF MARY LOU WILSON, INC.;
   CODIE MICHAEL SCOTT WALKER; CR12-0319A
4  ROBERT ADAM MCGUFFEY; CR12-0465
   MIGUEL OMAR OJEDA-ENRIQUEZ; CR11-0482 and No. 69062
5  IGNACIO VALENCIA; CR10-2173
6  AURORA RODRIGUEZ-PEREZ; CR11P1020B and No. 70745
7  MOHAMED KAMALAUDEEN; CR08-0196 and No. 69247
   D'VAUGHN KING; CR12-1160
8  DAVID SANCHEZ-DOMINGUEZ; CR10-0866 and No. 70622
9  JOSE FRANCISCO; CR12-2051
   LUIS EDUARDO MARTINEZ; CR13-1937 and No. 69641
10 DONALD JACKSON; CR12-1617
   ANTHONY EUGENE THOMAS; CR09-0207
11 AIRELL SAWYER; CR06P1022 and #67829
12 ROBERT SCHNUERINGER, CR12-0326A

Electronically Filed
Aug 26 2016 04:32 p.m.
Tracie K. Lindeman
Clerk of Supreme Court

13              Petitioners,                        ADKT No. 411

14       vs.

15

16 THE SECOND JUDICIAL DISTRICT COURT-
   INDIGENT DEFENSE REPORT IMPLIMENTING
17 IN THE MATTER OF THE REVIEW OF ISSUES CONCERNING
   REPRESENTATION OF INDIGENT DEFENDANTS
18 IN CRIMINAL AND JUVENILE DELINQUENCY CASES;
19 (ADKT No. 411) and
   THE MODEL COURT SELECTION COMMITTEE,

20

21              Respondents.

22 _____/

23 <u>PETITION FOR WRIT OF MANDAMUS, OR ALTERNATIVELY,
   A WRIT OF PROHIBITION</u>

24

25

1

This is a Petition for Writ of Mandamus, or alternatively, a writ of prohibition. This Court may elect to exercise its discretion and consider the merits of this writ petition in the interest of sound judicial economy and administration. *Cote H. v. Eighth Judicial Dist. Court,* 124 Nev. 36, 39, 175 P.3d 906, 908, (2008) (noting that this Court has complete discretion to determine whether to consider a petition for a writ of mandamus or prohibition and that even when an arguably adequate remedy exists, this Court may exercise its discretion "under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition" (initial quotation marks omitted))."

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160.

History

On August 22, 2016 post conviction counsel, Wilson, (Wilson) received a letter from Jennifer Lunt, Alternate Public Defender, as representative of the Model Court Selection Committee. Ex. 1. Wilson immediately contacted Court Administrator, Robert C. Bell, with a list of open and pending cases, which included seven (7) scheduled evidentiary hearings. Ex. 2 and 3.

Within the letter from the Model Court Selection Committee, it specifically advised that all open and pending cases were to be taken from Wilson and reassigned to different lawyers. Ex. 1.

Prayer for Relief

Wilson, requests this Court prohibit the Model Court Selection Committee from enforcing its decision to preclude Wilson from receiving any new cases from the Court Administrator and take away all open and pending cases; remove the Alternate Public Defender and Washoe County Public Defender from the Committee; preclude members of the Washoe County District Attorney's Office from interfering with the Committee's decision-making; and mandate the Committee to reinstate Wilson to retain the ten (10) open and pending cases. Ex. 4, ADKT 411 Ex. 5, A, pp. 18-22.

Jurisdiction

Wilson has no plain, speedy, and adequate remedy in law from the Model Court Selection Committee's decision. NRS 34.170.

Within the Second Judicial District Court-Indigent Defense Report implementing the Matter of the Review of Issues Concerning Representation of Indigent Defendants in Criminal and Juvenile Delinquency Cases for ADKT No. 411, Appointment of Private Attorneys, does not provide any appellate remedy from its Model Court Selection Committee's decision. Ex. 5.

Arguments

I.  The Model Court Selection Committee relied upon subjective criteria to remove Wilson from her open and pending cases, making their decision arbitrary and capricious

The criteria that the Model Court Selection Committee should apply, according to the Second Judicial District Court – Indigent Defense Report, provides: On an ongoing basis, the Appointed Counsel Selection Committee shall:

1.  Review the lists created and modify membership as the Committee deems appropriate;

There are no objective standards that a reasonable post conviction attorney could apply to the indigent defense practice.

a.  Annually review the performance and qualifications of attorneys on the Appointed Counsel lists;

Wilson had her Independent Contractor Agreement For Indigent Defense Services renewed from 2008 to June 30, 2017.

b.  Annually solicit input from Judges, and others familiar with the practice of criminal defense, juvenile and family law where appointed counsel are utilized;

Wilson has learned that the complaining party regarding her performance with the complaints to the Model Selection Committee have come from opposing

4

counsel in contested cases, Chief Appellate Deputy District Attorney, Terrence P. McCarthy, showing bias. Ex. 6.

    c.  Review any complaints from clients;

The Model Selection Committee has not received any complaints from her clients. Ex. 1. In fact, the Petitioner in one of the two Nevada Supreme Court cases that Chief Appellate Deputy District Attorney Terrence P. McCarthy complained about, Craig Hoffman, sent a letter to Wilson after she was removed and indicated that he was disappointed that Wilson was no longer going to be his counsel of record. Ex. 19.

    d.  Review the history of participation in training of each new applicant and each contract, hourly and capital case list attorney receiving appointment;

The Model Selection Committee has not complained about Wilson's participation in training.

    e.  Determine eligibility and selection of appointed counsel for new or continued participation.

After the one meeting with The Model Selection Committee on November 9, 2015, regarding the two (2) Nevada Supreme Court decisions, Coleman and Hoffman, Jennifer Lunt advised Wilson that there would be no new cases given to her until the Committee had reached a decision. Ex. 6.

//

1    Wilson did not hear back from the Committee until August 22, 2016, ten (10)

2    months later, which terminated open and pending cases. Ex. 1

3    Ex. 5, Section V, A, 5

4

5    The Model Selection Committee has chosen two (2) Nevada Supreme Court

6    Orders to utilize as grounds for termination of Wilson's, services.

7    Within the August 18, 2016 letter, the following reason was provided,

8    "The first involved two sanctions imposed by the Nevada Supreme Court." Ex.

9    1, 7, (Coleman) and Ex. 8, (Hoffman).

10

11   Within the Nevada Supreme Court decision in Ronnie Money Coleman, No.

12   67909, filed October 20, 2015, this Court reversed and remanded the matter to the

13   district court for further proceedings consistent with the order. Ex. 7.

14

15   There were no sanctions imposed by this Court.

16   Within the Nevada Supreme Court decision in Craig Allen Hoffman v. The

17   Second Judicial District Court of the State of Nevada, in and for the County of

18   Washoe; the Honorable Jerome Polaha, District Judge; and the State of Nevada,

19

20   No. 68441, this Court Ordered the petition Granted, in part, and Directed the Clerk

21   of the Court to Issue A Writ Of Mandamus instructing the district court to rescind

22   its prior Order closing the post conviction proceedings, remove Ms. Wilson as

23   counsel in the post conviction proceedings, and appoint new counsel to assist

24

25   Hoffman in the proceedings.

6

Within footnote two (2) this Court stated, "Ms. Wilson is cautioned that such future dereliction may result in other sanctions considered necessary by the district court, including referral to the State Bar of Nevada. Ex. 8.

As indicated to the Model Selection Committee on November 9, 2015, Wilson suggested to this Court that she be removed from Hoffman's post conviction case in lieu of closing the Hoffman proceedings. Ex. 9, p. 8.

Additionally, it appeared that this Court's footnote was cautionary in nature and did not result in referral to the State Bar of Nevada. Ex. 6.

Within the August 18, 2016 letter it reads, "This is the second time the Model Court Selection Committee has been notified of issues with your level of performance in the Second Judicial District Court. The second incident involves serious allegations of lack of candor to the court, and deficient pleadings." Ex. 1.

This letter does not contain anything that could be considered a serious allegation of lack of condor to the court and deficient pleadings. Ex. 1.

After Wilson's meeting with the Model Court Selection Committee on November 9, 2015, where all future cases were suspended until the Committee contacted Wilson, she received a letter from Jeremy Bosler dated June 1, 2016, eight (8) months later.

This letter from the Model Court Selection Committee was received by Wilson almost one month later on June 27, 2016. The letter requested Wilson answer

questions posed regarding the post conviction case of Mary Anne Mattoon v.

Warden. F.M.W.C.C and the State of Nevada, CR10-1294. Ex. 10.

It was unclear who launched this complaint to the Model Court Selection

Committee. However, consistent with the prior complaint, Chief Appellate Deputy

District Attorney, Terrence P. McCarthy, opposed Ms. Mattoon's motion to

withdraw her petition in a telephone conference between parties. Ex. 6.

Wilson responded to Mr. Bosler through emails that the questions posed in the

letter would be answered immediately. Ex. 11.

Mr. Bosler was also advised that Wilson requested, received, and sent a copy of

the transcript from the court proceedings to assist the Model Court Selection

Committee. Ex. 12 (emails) and Ex. 13 (transcript of proceedings).

Within the transcript of the Mattoon hearing, the Honorable Judge Elliott Sattler

made the following comments with regard to Wilson's experience and diligence in

the Mattoon case. Judge Sattler stated, ". . . I appreciate all the work that you've

put in on Ms. Mattoon's part. Certainly you have not been derelict in your duties in

attempting to represent Ms. Mattoon to the best of your ability." Ex. 13, p.6, L. 22-

24 and p. 7, L. 1. The district court went on to state, ". . . The Court has appointed

you counsel. Counsel has been very experienced - - or is very experienced. She has

been working diligently on your behalf." Ex. 13, p. 7, L. 21-24. The Court also

noted, ". . . The person you probably should appreciate, frankly, the most is Ms.

8

Wilson. As I can see from the document that she filed yesterday, she has been working very diligently on your case as she does with all of her clients.

She's put in a lot of work on it." Ex. 13, p. 12, L. 24 and p. 13, L. 1-5.

Wilson, answered Mr. Bosler's letter within six (6) days, of the Model Court Selection Committee's questions regarding the Mattoon case on July 2, 2016, provided a ten (10) page response letter with sixty (60) exhibits. Ex. 14 and 18.

Wilson, received no response from Mr. Bosler or the Model Court Selection Committee regarding these questions about the Mattoon case and no hearing was held. Ex. 6.

As such, the actions of the Model Selection Committee terminating services of Wilson were based upon purely subjective criteria and inconsistent with the unsolicited opinions of the Honorable Judge Elliott Sattler within the transcript of proceedings on the very case that Mr. Bosler's letter was directed. Ex. 5, Section V, A, 5 and Ex. 13.

II. The Second Judicial District Court – Indigent Defense Report Implementing the Matter of the Review of Issues Concerning Representation of Indigent Defendants in Criminal and Juvenile Delinquency Cases (ADKT No. 411); and The Model Court Selection Committee does not provide for an appeal or any other remedy from the decision of the Model Court Selection Committee withdrawing counsel from open and pending cases

<u>in violation of Wilson's Due Process Rights and the ten (10) post</u>

<u>conviction open and pending cases</u>

A review of the above-entitled document provides no appellate review from the Model Court Selection Committee's decision of August 18, 2016, which stated, "You will no longer be appointed cases under the Appointed Case Counsel Administrator. Please take immediate steps to return all of your open and pending cases to the Office of Bob Bell, for re-assignment of counsel." Ex. 1.

In contrast, the Second Judicial District Court – Indigent Defense Report Implementing the Matter of the Review of Issues Concerning Representation of Indigent Defendants in Criminal and Juvenile Delinquency Cases (ADKT No. 411) does provide for an appeal regarding fee disputes. Ex. 5, V. B. 1. b. (4) provides: "The payment of fees and expenses of contracted appointed counsel by Washoe County shall be governed by contract between counsel and Washoe County subject to appeal as described in III. E. 3. b., c., and d.

The above-entitled sections provide: b. The extent and cost of these services shall be approved by the Appointed Counsel Administrator; c. The determination of the extent and approval of the amounts made by the Appointed Counsel Administrator may be appealed to the Washoe County Manager or their designee; d. Appeals from the determination of the County Manager or their designee, as to

the extent and amount allowable for these fees, may be made to the Chief Judge of the Second Judicial District Court.

As such, there was no such appellate procedure in place for the action taken by Ms. Lunt on behalf of the Model Court Selection Committee dated August 18, 2016, advising Wilson that she would no longer be appointed cases under the Appointed Case Counsel Administrator and to immediately take steps to return all open and pending cases to the Office of Bob Bell, for reassignment of counsel. Ex. 1.

One meeting was held on November 9, 2015, from an email sent to post conviction counsel, Wilson, concerning the two (2) Nevada Supreme Court decisions, which Chief Appellate Deputy District Attorney Terrence P. McCarthy complained about to the Model Court Selection Committee.

An email was sent to Wilson on November 4, 2015 from Ms. Lunt requesting Wilson's presence at the Alternate Public Defender's Office on November 9, 2015 with the Selection Committee to discuss two (2) Nevada Supreme Court's decisions, Coleman and Hoffman. The Committee wanted to hear her side. Ex. 15.

Wilson immediately prepared a history of the two cases and placed their contents within two binders for the Model Court Selection Committee's review. Ex. 16 (Coleman) and Ex. 17 (Hoffman).

//

Upon arrival at the meeting, Wilson brought legal counsel, Michael E. Wilson, Esq. and two independent contractor paralegals to provide any assistance to the five (5) members of the Model Court Selection Committee.

The November 9, 2015 meeting was held without a court reporter. Ms. Lunt advised Wilson, "We received this complaint from Chief Deputy District Attorney Terrence P. McCarthy regarding these two Nevada Supreme Court decisions." Ex. 6.

One of the members stated, "You must have really 'pissed off' somebody over in the District Attorney's Office." At least three (3) of the five members acknowledged this expression stating, "You better cross all your T's and dot all your I's." Ex. 6.

Contrary to the casual nature of the email request to appear, the meeting was very adversarial and when Wilson's husband, Michael E. Wilson, attempted to explain some unfair treatment practices over the years, he was told to "shut up, we don't want to hear from you," by Member Lumkes. Ex. 15. (affidavit of Mike)

When Wilson requested whether her two assistants could also attend the meeting, she was told "No." Ex. 6.

Approximately one (1) hour later after Wilson attempted to explain the history of both Supreme Court decisions, the two (2) binders were provided to the Model Court Selection Committee to review at their leisure. Ex. 6.

12

Upon leaving the conference room, Ms. Lunt advised Wilson, "No further cases would be given to [her] until a decision was made and they would contact [her] with a decision." Ex. 6.

During the following ten (10) months, Wilson received one (1) case, D'Vaughn King. Ex. 6.

The Second Judicial District Court – Indigent Defense Report Implementing the Matter of the Review of Issues Concerning Representation of Indigent Defendants in Criminal and Juvenile Delinquency Cases (ADKT No. 411) does not provide for any formal hearing or any other due process to protect post conviction counsel from arbitrary and capricious actions, which should include a meaningful due process hearing. Since these decisions of the Model Court Selection Committee can result in putting counsel completely out of business and adversely affect the Constitutional rights of clients, basic due process rights should apply.

These should include a court reporter so that any action taken can be reviewed. Additionally, the Appointed Counsel should have the right to counsel, cross-examine witnesses against them, and call witnesses in their favor.

Another interesting factor that occurred after the November 9, 2015 meeting, the Court Administrator, Robert C. Bell, sent an email regarding self-reporting pursuant to ADKT 411. Ex. 21.

//

Much like the Parole Board did in *Steve Dell McNeill v. The State of Nevada*, 123 Nev., Advance Opinion 54, No. 66697, filed July 28, 2016, the Parole Board gave themselves power that were never granted.

According to the Second Judicial District Court – Indigent Defense Report, the contract must be subject to termination annually or sooner, if determined by The Appointed Counsel Selection Committee that a contract attorney is not abiding by the standard guidelines for qualification of appointed counsel. Ex. 5, V. B. 1. (3).

There are no provisions for sanctions being imposed during an investigation, like blocking the assignment of any new cases for ten (10) months, which was done to Wilson on November 9, 2015.

There are no standards listed or implied that would allow the Model Court Selection Committee to impose sanctions or terminate the contract. Ex. 5.

The Model Court Selection Committee in an act of hindsight, required the Court Administrator, Robert C. Bell, send Appointed Counsel a new set of rules called "Self-Reporting," which was neither officially adopted into the ADTK 411 nor adopted by the Second Judicial District Court Order implementing ADKT 411. Ex. 4 and 5.

Much like the Parole Board in McNeill, the Model Court Selection Committee never sought leave from this Court or the Second Judicial District Court to amend ADKT 411 or its implementation Order. Ex. 21.

14

It is important to note that this new "Self-Reporting" rule was sent to the contract attorneys on February 26, 2016, three (3) months after the November 9, 2016 meeting against Wilson.

As such, the Model Court Selection Committee has acted as self-appointed investigator, judge, jury, and executioner against Wilson.

The final decision made pursuant to the letter dated August 18, 2016 by the Model Court Selection Committee was held secretly, with no way of knowing whether all five members attended, whether only a quorum of the members were present, whether the vote was unanimous, by a majority of the whole or a majority of a quorum, whether the standard of proof was beyond a reasonable doubt, a preponderance of the evidence, or slight or marginal. Ex. 1.

As such, the Model Court Selection Committee acted outside of basic due process rights, which will result in Wilson's going out of business. Ex. 6.

More importantly, the letter of August 18, 2016, from the Model Court Selection Committee, violates the spirit and purpose of ADKT No. 411 when demanding Wilson's open and pending clients are reassigned a new lawyer. Ex. 1 and Ex. 5.

//

//

### III. The Model Court Selection Committee was not qualified to evaluate Wilson's performance since no member is a post conviction lawyer

The Model Court Selection Committee must be appointed by the Court Administrator, Robert C. Bell and have the following qualifications for the five (5) attorneys:

(1) have no pecuniary interest in the outcome of the attorney selection or performance evaluation process;

Two of the five Model Court Selection Committee members, Jennifer Lunt, Alternate Public Defender, and Jeremy Bosler, Washoe County Public Defender, head offices where Wilson alleged ineffective assistance of counsel against their deputies.

Interestingly, the only two correspondences Wilson received were from these two people. Ex. 1 and 10.

Arguably, the continued employment with Washoe County of these two individuals, Ms. Lunt and Mr. Bosler, is directly related to the competency of the attorneys they have hired to work under their direction and control.

//

//

//

//

16

As such, these two committee members have a pecuniary interest in removing Wilson from the Appointed Counsel list and should not be on the Model Court Selection Committee. [1]

Regarding the open and pending cases Wilson has, the following trial counsel's have been alleged to be ineffective:

Robert Adam McGuffey, CR12-0465, had John Malone from the Alternate Public Defender's Office;

Miguel Omar Ojeda-Enriquez, CR11-0482, had Joseph Merkin from the Washoe County Public Defender's Office;

Ignacio Valencia, CR10-2173, had Alternate Public Defender, Jennifer Lunt and Patrick McGinnis;

Mohamed Kamalaudeen, CR08-0196, had Maizie Pusich and Jay Slocum from the Washoe County Public Defender's Office;

David Sanchez-Dominguez, CR10-0866, had Mary Pat Berry from the Alternate Public Defender's Office;

Luis Eduardo Martinez, CR13-1937, had Dennis Hough from the Washoe County Public Defender's Office;

---

[1] Jennifer Lunt had been alleged to be ineffective in Wilson's case of *Gilbert White v. Warden*, CR07P1540.

17

Anthony Eugene Thomas, CR09-0207, had Rich Davies and Jim Leslie of the Washoe County Public Defender's Office;

Craig Allen Hoffman, CR11-1278, had Jay Slocum of the Washoe County Public Defender's Office.

(2) have no legal, financial or familial relationship to any attorney whose qualification or performance will be evaluated;

(3) are not directly related to the judiciary or any prosecution function;

In this regard, at the only meeting between Wilson and the Model Court Selection Committee on November 9, 2015, the members advised Wilson, "We received this complaint from Chief Deputy District Attorney Terrence P. McCarthy regarding these two Nevada Supreme Court decisions." One member stated, "You must have really 'pissed off' somebody over in the District Attorney's Office." At least three (3) of the five members acknowledged this expression stating, "You better cross all your T's and dot all your I's." Ex. 6.

The interference by the Washoe County District Attorney's Office, through Chief Appellate Deputy District Attorney Terrence P. McCarthy, regarding the three (3) cases where he was involved and acted as opposing counsel against Wilson created a clear conflict of interest for the Model Court Selection Committee and violated the provision where the Committee members should be free from any prosecutorial function.

As stated, in all three cases brought by Chief Appellate Deputy District Attorney Terrence P. McCarthy, Coleman, Hoffman, and Mattoon, the State lost, making it appear that Mr. McCarthy acted begrudgingly against Wilson. Exs. 7, 8, 14, and 18.

In the Mattoon case, Chief Appellate Deputy District Attorney Terrence P. McCarthy verbally opposed Ms. Mattoon's withdrawal of her petition, despite Mattoon receiving emotional benefit from her decision, since she could keep her position in the Dog Program and employment with Prison Services while serving her last two (2) years in Florence McClure Correctional Center, Las Vegas, Nevada. Ex. 6 (affidavit regarding the telephone conference with Sattler) and 13.

As such, the Model Court Selection Committee was unduly influenced by Wilson's opposing counsel, Chief Appellate Deputy District Attorney, Terrence P. McCarthy, in the target cases of Coleman, Hoffman, and Mattoon.

This added pressure placed upon the Alternate Public Defender, Jennifer Lunt, and Washoe County Public Defender, Jeremy Bosler, should render the decision to remove Wilson from the Appointed Counsel list null and void.

(4) have an interest in the variety of types of cases that are represented by the appointed counsel lists to be selected by the Committee.

Ex. 5, V. A. 1. a. (1-4).

IV.   <u>The Model Court Selection Committee's directive to take away all open</u>
<u>and pending cases violates ten (10) indigent client's Sixth Amendment</u>
<u>rights to meaningful effective assistance of counsel</u>

<u>Open and Pending Cases</u>

The following cases are open and pending, which have been worked upon by Wilson, her assistants, investigators, and expert witnesses since the time of appointment, which in most every case amount to years.

These indigent clients have not complained about Wilson and are awaiting resolution of their cases. Although they do not have the right to particular counsel, to reassign new post conviction counsel at this time would violate the intent of ADKT No. 411 and violate their Sixth Amendment rights to enjoy a meaningful relationship with counsel, which have taken years to develop, proven by the date of initial appointment.

<u>Codie Michael Scott Walker</u>, CR12-0319A, Department 3, Murder, appointed July 1, 2015, Evidentiary Hearing, March 29, 2017

<u>Robert Adam McGuffey</u>, CR12-0465, Department 6, Burglary, appointed January 22, 2015, Evidentiary Hearing, September 22, 2016

<u>Miguel Omar Ojeda-Enriquez</u>, CR11-0482, Department 7, appointed July 16, 2014, Sexual Assault of Child Under the Age of Fourteen Years, Re-Opening of Evidentiary Hearing, March 3, 2017, Motion to Stay in this Court, 69963

<u>Ignacio Valencia</u>, CR10-2173, Department 7, appointed January 29, 2014, Sexual Assault of a Child Under the Age of Fourteen Years, Evidentiary Hearing, February 10, 2017

<u>Aurora Rodriguez-Perez</u>, CR11P1020B, Department 7, appointed April 1, 2013, Murder, Appeal due October 26, 2016, 70745

<u>Mohamed Kamalaudeen</u>, CR08-0196, Department 7, appointed December 15, 2010, Murder, Awaiting decision on Appeal, 69247

<u>D'Vaughn King</u>, CR12-1160, Department 7, appointed March 24, 2016, Murder

<u>David Sanchez-Dominguez</u>, CR10-0866, Department 8, appointed September 5, 2014, Murder, Awaiting decision on Appeal, 70622

<u>Jose Francisco</u>, CR12-2051, Department 8, appointed December 8, 2014, Trafficking, Evidentiary Hearing, January 19, 2017

<u>Luis Eduardo Martinez</u>, CR13-1937, Department 9, appointed May 21, 2015, Discharging a Firearm into a Car and Residence in Furtherance of Gang Activity, Awaiting decision on Appeal, 69641

<u>Donald Jackson</u>, CR12-1617, Department 9, appointed September 22, 2015, Murder of Child

<u>Anthony Eugene Thomas</u>, CR09-0207, Department 10, appointed December 20, 2013, Sexual Assault of a Child Under the Age of Fourteen Years, Evidentiary Hearing, September 15, 2016

<u>Airell Sawyer</u>, CR06P1022, Department 10, appointed July 11, 2008, Murder, Awaiting decision on Petition for Re-Hearing, 67829

<u>Robert Schnueringer</u>, CR12-0326A, Department 10, appointed February 27, 2015, Murder, Evidentiary Hearing, January 4, 2017

Most disturbing, two (2) of the open and pending cases are set for evidentiary hearings, which demand professional preparation on September 15th and 22nd in the Second Judicial District Court, Departments 10 and 6, Anthony Thomas and Robert McGuffey.

The letter of August 18, 2016 demanded that Wilson stop working immediately and no compensation for cases would be provided from that date forth. Ex. 1. As such, these two (2) indigent clients would particularly suffer.

In conclusion, Wilson, requests this Court prohibit the Model Court Selection Committee from enforcing its decision to preclude Wilson from receiving any new cases from the Court Administrator and take away all open and pending cases; remove the Alternate Public Defender and Washoe County Public Defender from the Committee; preclude members of the Washoe County District Attorney's Office from interfering with the Committee's decision-making; and mandate the Committee to reinstate Wilson to retain the ten (10) open and pending cases. Ex. 4, ADKT 411 Ex. 5, A, pp. 18-22.

DATED this 26th day of August, 2016.

By: s/s: <u>MARY LOU WILSON</u>
        MARY LOU WILSON
        Attorney At Law Bar #3329
        333 Marsh Ave.
        Reno, Nevada 89509
        775-337-0200

## CERTIFICATE OF SERVICE

I, Mary Lou Wilson, hereby affirm that on the 26th day of August, 2016, I e-filed the aforementioned document through the Master List of e-filers and sent a hard copy through the U.S. Mail to the following:

Tracie Lindeman (e-filed)
Clerk of the Nevada Supreme Court
201 South Carson Street
Carson City, Nevada 89701

Jennifer Lunt (hard copy hand-delivered)
(A representative of the Model Court Selection Committee)
Alternate Public Defender
350 South Center Street, 6th Floor
Post Office Box 11130
Reno, Nevada 89520-0027

CODIE MICHAEL SCOTT WALKER (U.S. Mail)
Inmate Number 1095466
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

ROBERT ADAM MCGUFFEY (U.S. Mail)
Inmate Number 1040469
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

MIGUEL OMAR OJEDA-ENRIQUEZ (U.S. Mail)
Inmate Number 1097532
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

IGNACIO VALENCIA (U.S. Mail)
Inmate Number 1085914
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

AURORA RODRIGUEZ-PEREZ (U.S. Mail)
Inmate Number 1090026
Florence McClure Correctional Center
4370 Smiley Road
Las Vegas, Nevada 89115

MOHAMED KAMALAUDEEN (U.S. Mail)
Inmate Number 1028281
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702

D'VAUGHN KING (U.S. Mail)
Inmate Number 1115593
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702

DAVID SANCHEZ-DOMINGUEZ (U.S. Mail)
Inmate Number 1097532
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, Nevada 89702

JOSE FRANCISCO (U.S. Mail)
Inmate Number 1108909
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, Nevada 89070-0208

LUIS EDUARDO MARTINEZ (U.S. Mail)
Inmate Number 1118719
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070

DONALD JACKSON (U.S. Mail)
Inmate Number 1113011
Ely State Prison
P.O. Box 1989
Ely, Nevada 89301

ANTHONY EUGENE THOMAS (U.S. Mail)
Inmate Number 91694
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

AIRELL SAWYER (U.S. Mail)
Inmate Number 92925
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419

ROBERT SCHNUERINGER (U.S. Mail)
Inmate Number 1097645
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, Nevada 89070-0208

<u>Exhibits in Support of Petition for Writ of Mandamus</u>

Exhibit 1, Letter from Jennifer Lunt, dated August 18, 2016

Exhibit 2, Email to Robert Bell's Office Regarding Hearing Dates

Exhibit 3, Letter to Robert Bell's Office Regarding Open Cases

Exhibit 4, Nevada Supreme Court, ADKT 411, 2008

Exhibit 5, Washoe County District Court Order Regarding ADKT 411

Exhibit 6, Affidavit of Mary Lou Wilson

Exhibit 7, Nevada Supreme Court Order of Reversal and Remand on Coleman

Exhibit 8, Nevada Supreme Court Order Granting Writ of Mandamus on Hoffman

Exhibit 9, Petition for Writ of Mandamus on Hoffman

Exhibit 10, Letter from Jeremy Bosler

Exhibit 11, Email from Mary Lou Wilson to Jeremy Bosler, June 28, 2016

Exhibit 12, Email from Mary Lou Wilson to Jeremy Bosler, July 2, 2016

Exhibit 13, Transcript of Hearing, Mary Anne Mattoon

Exhibit 14, Letter to Jeremy Bosler from Mary Lou Wilson, July 2, 2016

Exhibit 15, Email from Jennifer Lunt, November 4, 2015

Exhibit 16, Coleman Case Documents

Exhibit 17, Hoffman Case Documents

Exhibit 18, Exhibits to Jeremy Bosler in Support of the Letter

Exhibit 19, Letter from Client Craig Hoffman

Exhibit 20, Affidavit of Michael E. Wilson

Exhibit 21, Self-Reporting Memorandum

EXHIBIT 2

Affidavit of MARY Lou Wilson.

PGS - 1 OF 1

EXHiBit 2

## AFFIDAVIT OF MARY LOU WILSON

STATE OF NEVADA     )
                      ) : ss
COUNTY OF WASHOE   )

    I, MARY LOU WILSON, hereby swear under penalty of perjury that the following is a true statement:

That I am the lawyer in good standing with the Nevada State Bar, admitted to practice law since 1987, and am one of the Petitioners in the above-entitled action;

That I represent the listed Petitioners in the above-entitled action; some of which are open and pending cases in the Second Judicial District Court and others are open and pending cases in the Nevada Supreme Court;

That I authored the aforementioned action;

Regarding the Law Office of Mary Lou Wilson, Inc. going out of business

On pages thirteen (13) and fifteen (15), of the Petition for Writ of Mandamus or Prohibition, shown as Exhibit 6, it alleged that the impact of the Model Court Selection Committee's letter would result in the my office going out of business;

I have restricted my practice to only court appointed cases; most of these cases are from the Court Administrator, Robert C. Bell, which are practiced in the Second Judicial District Court; and upon compliance with the Model Court Selection Committee's letter would result in closing the Law Office of Mary Lou Wilson, Inc.

DATED this 29 day of August, 2016.

_Mary Lou Wilson_
MARY LOU WILSON

Subscribed and sworn to before me this 29th day of August, 2016, by
xx Mary Lou McSweeney-Wilson. xx

_Kimberly K. Foster_
NOTARY PUBLIC

KIMBERLY K. FOSTER
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 98-0552-2 - Expires July 13, 2019

1

## CERTFICATE OF SERVICE BY MAILING

1

2   I, Robert, Adam McGuffey , hereby certify, pursuant to NRCP 5(b), that on this 8th

3   day of September , 20 16, I mailed a true and correct copy of the foregoing, " Motion For

4   Order to Stop Attack on MaryLou Wilson "

5   by placing document in a sealed pre-postage paid envelope and deposited said envelope in the

6   United State Mail addressed to the following:

7

8   Attorney General                    Clerk of the US Dist

9   Adam Laxalt                         Court Dist of Nevada Suite
     555 E Washington Ave               301 400 S Virginia St

10  Suite 3900                          Reno, NV 89501
     Las Vegas, NV 89101

11

12  Mary Lou Wilson Esq
     333 Marsh Ave

13  Reno, NV, 87509

14

15

16

17  CC:FILE

18

19  DATED: this 8th day of September , 20 16.

20

21

22  Robert McGuffey            # 1040469
                               /In Propria Personam

23  ~~Post Office Box 208 S.D.C.C.~~ L.C.C
     ~~Indian Springs, Nevada 89018~~ 1200 Prison Rd

24  ~~IN FORMA PAUPERIS~~ Lovelock, NV, 89419

25

26

27

28

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding *Motion for*

*ORder to Stop the Attack on Mary Lou Wilson*

(Title of Document)

filed in *U.S.* District Court Case number *3:16-cv-00356*

☑ Does not contain the social security number of any person.

**-OR-**

☐ Contains the social security number of a person as required by:

A. A specific state or federal law, to wit: _____

(State specific law)

**-or-**

B. For the administration of a public program or for an application
for a federal or state grant.

_____                    *9-8-2016*
Signature                                           Date

*Robert McGuffey - 10414169*
Print Name

*Pro-Se*
Title