

```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
               COUNSEL/PARTIES OF RECORD

        JUL 2 1 2017

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ADAM McGUFFEY, | 3:16-CV-0356-MMD (VPC) |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | July 21, 2017 |
| TRAVIS BENNETTE, et al. | |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to compel discovery and to stay all past, present or future actions presented by defendants (ECF No. 27). Plaintiff also requests appointment of counsel by this motion. Defendants filed an opposition (ECF No. 30). No reply was filed.

Plaintiff's motion to compel discovery (ECF No. 27) is **DENIED** as premature. The court will issue a scheduling order at the appropriate time in this case. Following the issuance of a scheduling order, discovery will begin. Plaintiff's request to stay all past, present or future actions presented by defendants is **DENIED.**

Plaintiff's request for appointment of counsel is **DENIED**. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir.

2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

   In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

   **IT IS SO ORDERED.**

               DEBRA K. KEMPI, CLERK

         By:_____/s/_____
            Deputy Clerk