UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT ADAM McGUFFEY,<br><br>               Plaintiff,<br>v.<br><br>TRAVIS BENNETTE, *et al.*,<br><br>               Defendants. | Case No. 3:16-cv-00356-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

**I. SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 40) relating to Defendants' Motion for Summary Judgment ("Motion") (ECF No. 32). Plaintiff filed an objection to the R&R (ECF No. 42), and Defendants filed a response thereto (ECF No. 44).

For the reasons discussed below, the Court accepts and adopts the R&R in full.

**II. BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this action occurred while Plaintiff was housed at Lovelock Correctional Center. The Court permitted Plaintiff to proceed on two claims under 42 U.S.C. § 1983: an Eighth Amendment conditions of confinement claim and a First Amendment retaliation claim.[1] (ECF No. 12 at 10.) Further background regarding Plaintiff and this action is included in the R&R (*see* ECF No. 40 at 1-3), which this Court adopts.

---

[1] Specifically, the screening order permitted Counts II and IV (for retaliation) to proceed. (ECF No. 12 at 7-8, 10.)

**III. LEGAL STANDARD**

**A.   Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection to the Magistrate Judge's R&Rs, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

**B.   Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (internal citation omitted). Summary judgment is

appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citation omitted). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the

3

material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The Magistrate Judge recommends granting summary judgment in favor of Defendants because Plaintiff failed to exhaust his administrative remedies prior to initiating this action. (ECF No. 40 at 9.) Plaintiff's objection does not specifically address the Magistrate Judge's finding that he failed to exhaust his administrative remedies and instead asks the Court to disregard the Magistrate's R&R, requests the appointment of counsel, and states that the issue of the "grievance process" is "moot" because he has "proven torture by misuse of solitary confinement," "retaliation," and that he has been "chilled." (ECF No. 42 at 1-2.) However, these contentions by Plaintiff miss the point.

In order to bring claims against Defendants for violating his Eighth and First Amendment rights, the Prison Litigation Reform Act ("PLRA") requires that Plaintiff first exhaust his administrative remedies through the NDOC grievance process, specifically for grievance number 2006-30-18522 (ECF No. 30 at 21 (identifying in his complaint the specific grievance he attempted to exhaust)). *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (finding that exhaustion of available remedies is a prerequisite to a prisoner bringing suit with respect to prison conditions under § 1983). Thus, in order to have exhausted NDOC's administrative remedies, Plaintiff needed to "use all steps the prison holds out"—specifically, those identified in Administrative Regulation ("AR") 740—so that NDOC officials could actually reach, or at the very least attempt to reach, the merits of his issues. *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

In the R&R, the Magistrate Judge found that Plaintiff failed to comply with NDOC's grievance process by failing to file a first level grievance that contained facts of the incidents giving rise to this action that were sufficient to comply with AR 740.06(2) and
///

by failing to file a second level grievance altogether,[2] which is required. (ECF No. 40 at 7.) The Magistrate Judge also found that Plaintiff failed to meet his burden "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him," *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). (ECF No. 40 at 7-8.) The Magistrate Judge reasoned that Plaintiff failed to meet this burden because upon receipt of official responses that his informal and first level grievances failed to comply with AR 740, Plaintiff had the opportunity to but did not amend either level of grievance to cure the defects as specified by the official responses. (ECF No. 40 at 8.) Moreover, the Magistrate Judge correctly found Plaintiff failed to demonstrate that administrative remedies were effectively unavailable to him because of NDOC officials' "machination, misrepresentation, or intimidation," *see Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). In particular, the Magistrate Judge found a lack of "machination, misrepresentation, or intimidation" because the official responses indicated how Plaintiff failed to comply with AR 740 and Plaintiff still filed numerous emergency grievances after initiation of this lawsuit, the latter indicating that procedural difficulties with AR 740 did not dissuade Plaintiff from believing that remedies were available through the NDOC grievance process. (ECF No. 40 at 8.) The Court agrees with these findings. Plaintiff's failure to exhaust his administrative remedies—specifically, the failure to file his informal and first level grievances in conformity with AR 740 and his failure to file a subsequent second level grievance for # 2006-30-18522—require this Court to enter judgment in Defendants' favor without addressing the merits of Plaintiff's claims.

Having reviewed the R&R, the briefs relating to Defendants' Motion and Plaintiff's objection, the Court agrees with the Magistrate Judge's analysis and recommendations. The Court will therefore adopt the R&R.

---

[2]Plaintiff attached copies of many second level grievances to his opposition (*see, e.g.*, ECF No. 38-1 at 79-81, 84-85, 128-30, 159-60, 187-88), but these grievances do not relate specifically to the incidents giving rise to the claims in this lawsuit or flow from the grievance for which this lawsuit was brought (# 2006-30-18522). Moreover, none of these second level grievances was exhausted at the time this lawsuit was initiated.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 40) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 32) is granted.

It is further ordered that Plaintiff's ex parte motion for appointment of counsel (ECF No. 41) is denied as moot.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 20th day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE